# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANTONIO QUINONES-SANTOS,**

          **Plaintiff,**

**v.**                                                 **Case No:   8:13-cv-1840-T-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

# MEMORANDUM OF DECISION

      Antonio Quinones-Santos (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits and supplemental security income.   Doc. No. 1.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to provide good cause for assigning little weight to Dr. Leal's opinion concerning his ability to reach and handle.   Doc. No. 23 at 5-7. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.     STANDARD OF REVIEW.

      The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.    ANALYSIS.

At the center of this dispute is whether the ALJ failed to provide good cause for rejecting Dr. Leal's opinions concerning Claimant's ability to reach and handle. Doc. Nos. 23 at 5-7; 26 at 4-8. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social* Security, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's

impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it *and the reasons therefor*. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Dr. Leal treated Claimant on numerous occasions between April 2010 and June 2011. *See* R. 419-24, 528-44, 570-613, 652-55. Accordingly, Dr. Leal qualifies as a treating physician. *See* 20 C.F.R. § 404.1502 (defining a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]").

In June 2011, Dr. Leal completed a "Medical Source Statement of Ability to do Work

Related Activities" (the "Assessment").   R. 652-55.   Dr. Leal opined that Claimant has a limited

ability to reach in all directions and handle.   R. 654.   Specifically, Dr. Leal opined that Claimant

can never reach, and occasionally handle.   R. 654.

At step two of the sequential evaluation process, the ALJ thoroughly discussed Claimant's

medical records, and found that he suffers from the following severe impairments: "bilateral

arthritis of the shoulders with bursitis; hepatitis C virus exposure; and a depressive disorder[.]"

R. 16-18.   At step four of the sequential evaluation process, the ALJ determined that Claimant has

a RFC to perform "light exertional work" with the following additional limitations:

> [L]ifting up to 20 pounds occasionally, 10 pounds frequently, except
> the claimant needs to alternate his standing and sitting positions
> every hour.   He can never climb ladders, ropes or scaffolds, can
> only occasionally climb ramps and stairs and crawl, and perform
> frequent balancing, stooping, kneeling and crouching.   The
> claimant is also limited to no more than occasional bilateral
> overhead reaching and needs to avoid concentrated use of hazardous
> machinery, and concentrated exposure to unprotected heights.   He
> can understand, remember and carry out simple instructions, with
> no more than occasional interaction with the general public and
> coworkers.

R. 19-20.[1]   In reaching this RFC, the ALJ considered, among other things, Dr. Leal's Assessment.

R. 17, 21.   The ALJ assigned "little weight" to Dr. Leal's Assessment, stating the following:

> While treating physicians are given controlling weight if their
> opinions are well-supported by medically acceptable clinical and
> laboratory diagnostic techniques and are not inconsistent with the
> other substantial evidence in the record, in the present case, the
> opinion of Dr. Leal is inconsistent with and not supported by the
> substantial evidence in the record.   First, the limitations noted for
> standing, walking, and sitting have no clinical support in the record.
> The claimant has a history of osteoarthritis of the shoulders.   There

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."   20 C.F.R. § 404.1567(b).

is no indication that the claimant had any other physical impairment that affected his ability to sit, stand, and/or walk.   Furthermore, the medical evidence of record and the legible portion of Dr. Leal's own treatment notes fail to show any findings consistent with these limitations.   Specifically, in the most recent treatment notes from Tampa Family Health Center there were no abnormalities noted with claimant's gait or balance.   Moreover, there is no support in the record or in Dr. Leal's own treatment notes for the limitation in pushing and pulling in the lower extremities, the limitations in fingering and feeling, and the level of postural limitations.   To reiterate the claimant's impairments involve his upper extremities, thus limitations involving the claimant's lower extremities are without merit.

R. 21.   Notably, the ALJ provided no explanation as to why he assigned little weight to Dr. Leal's opinions concerning Claimant's ability to reach and handle.   *See* R. 21.

Upon review, the Court finds that the ALJ failed to articulate good cause for assigning little weight to Dr. Leal's opinions concerning Claimant's ability to reach and handle.   The Commissioner argues that the ALJ provided good cause to assign little weight to Dr. Leal's opinions concerning Claimant's ability to reach and handle, and that his reasons for doing so are supported by Dr. Leal's own treatment notes.   Doc. No. 26 at 4-6.   The ALJ, however, did not address Dr. Leal's opinions concerning Claimant's ability to reach and handle, much less provide good cause for assigning those opinions little weight.   *See* R. 21.   Instead, the ALJ's finding focuses on Dr. Leal's opinions concerning Claimant's ability to sit, stand, and walk, as well his opinions concerning Claimant's ability to push and pull with his lower extremities, his ability to finger and feel, and his postural limitations.   R. 21.   As such, the Court finds that the ALJ failed to provide good cause in support of his decision to assign little weight to Dr. Leal's opinions concerning Claimant's ability to reach and handle.

The ALJ's error is not harmless.   The ALJ found that Claimant is only limited to "occasional bilateral overhead reaching[.]"   R. 20.   This limitation, however, is significantly less

severe than those contained in Dr. Leal's Assessment, in which he opined that Claimant can never reach and occasionally handle.   R. 654.   Furthermore, the vocational expert ("VE"), considering the limitations set forth in the ALJ's RFC determination, testified that Claimant can work as a dry cleaning or laundry worker, a small parts assembler, and a housekeeper.  R. 59-60.   The VE further testified that these jobs require frequent reaching and handling.  R. 61-2.  Given the unsupported deviation from Dr. Leal's opinions concerning Claimant's ability to reach and handle and the functional requirements of the jobs identified by the VE, the Court concludes that the ALJ's error is not harmless.   Accordingly, the ALJ's decision is not supported by substantial evidence, and, as a result, the case must be remanded for further proceedings

## III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on May 15, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kurt G. Ehrman
Administrative Law Judge
c/o Office of Disability Adjudication and Review

Fountain Square II
4925 Independence Pkwy
Suite 200
Tampa, FL 33634